**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-2158

BYRON LANDON,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. David J. Novak, Magistrate Judge. (3:19-cv-00359-DJN)

Submitted: July 28, 2020                                  Decided: August 20, 2020

Before MOTZ, WYNN, and FLOYD, Circuit Judges.

Affirmed as modified by unpublished per curiam opinion.

James S. Liskow, DECARO, DORAN, SICILIANO, GALLAGHER & DEBLASIS, LLP, Fairfax, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Jonathan T. Lucier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Byron Landon appeals the magistrate judge's order dismissing Landon's complaint under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b)(1), 2671-2680 (2018), for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Landon was employed by a company that contracted with the United States Postal Service (USPS) to deliver mail, and his injury occurred while he was completing his delivery and pick up at the post office in Sandston, Virginia. The magistrate judge concluded that Landon could not proceed under the FTCA because the Virginia Workers' Compensation Act's (VWCA) exclusivity provision, Va. Code § 65.2-307(A) (2017), would bar a negligence claim against a private employer under like circumstances.[*] We affirm as modified to reflect that the dismissal is without prejudice.

Where, as here, a district court dismisses a plaintiff's claim for lack of subject matter jurisdiction "after considering evidence outside the pleadings[,] . . . we review the district court's factual findings with respect to jurisdiction for clear error and the legal conclusion that flows therefrom de novo." *Sanders v. United States*, 937 F.3d 316, 327 (4th Cir. 2019) (internal quotation marks omitted). "The FTCA waives the federal Government's sovereign immunity in tort actions, making the United States liable 'in the same manner and to the same extent as a private individual under like circumstances.'" *Cibula v. United States*, 664 F.3d 428, 429 (4th Cir. 2012) (quoting 28 U.S.C. § 2674); *see* 39 U.S.C.

---

[*] The parties consented to proceeding before the magistrate judge. *See* 28 U.S.C. § 636(c)(1) (2018).

§ 409(c) (2018) (providing that FTCA applies "to tort claims arising out of activities of the Postal Service"). "Courts determine the Government's liability 'in accordance with the law of the place where the . . . act or omission occurred.'" *Id.* at 430 (quoting 28 U.S.C. § 1346(b)(1)). Thus, "[a]n action under the FTCA may only be maintained if the Government would be liable as an individual under the law of the state where the negligent act occurred." *Kerns v. United States*, 585 F.3d 187, 194 (4th Cir. 2009).

We agree that Landon may not proceed under the FTCA because the VWCA's exclusivity provision would bar a negligence claim against a private employer under like circumstances. And, contrary to Landon's argument, *Gibbs v. Newport News Shipbuilding & Drydock Co.*, 733 S.E.2d 648 (Va. 2012), does not alter this conclusion. Accordingly, we affirm for the reasons stated in the magistrate judge's thorough opinion. *Landon v. United States*, No. 3:19-cv-00359-DJN (E.D. Va. Oct. 15, 2019). But we affirm as modified to reflect that the dismissal for lack of subject matter jurisdiction is without prejudice. *See S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for . . . [a] defect in subject matter jurisdiction[] must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.").

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*

3